IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LACINDA SARIKA DARIEN, | § | |
|         Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:14-CV-904-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
|         Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, LaCinda Sarika Darien, a federal prisoner confined in the Federal Medical Center in Fort Worth (FMC-Carswell), against Jody R. Upton, Warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

**I. BACKGROUND**

Petitioner was sentenced to a combined 57-month term of imprisonment for her 2011 convictions for wire fraud and aggravated identity theft and her 2014 conviction for failure to surrender in the Atlanta Division of the United States District Court for the Northern District of Georgia. Resp't's App. 6-7 & 11-12, ECF No. 9. In this § 2241 petition, Petitioner claims that she suffers from various "progressive chronic medical conditions" for which she has received inadequate or inappropriate medical treatment and for which she has sought a compassionate relief to no avail. Pet. 5-6, ECF No. 1. She seeks "relief in the sentence so that she can be home to receive the medical care that she needs and for which she has been denied" and asserts that her "family is able to provide medical care–insurance–for treatment." *Id.* at 7.

## II. DISCUSSION

The petition relating to the conditions of Petitioner's confinement–the prison's alleged inadequate or inappropriate medical treatment–is not cognizable on habeas review. "[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States,* 525 F.2d 933, 935–36 (5th Cir. 1976). A § 2241 petition may be granted only if the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Prisoners have no constitutional right to early release, to placement in any particular pre-release program, or to serve their sentence in a particular facility. *Olim v. Wakinekona,* 461 U.S. 238, 245 (1983); *Wilkerson v. Stalder,* 329 F.3d 431, 435-36 (5th Cir. 2003), *cert. denied by Cain v. Wilkerson,* 540 U.S. 966 (2003); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *McCord v. Maggio,* 910 F.2d 1248, 1250 (5th Cir. 1990); *Prows v. Fed. Bur. of Prisons,* 981 F.2d 466, 469 (10th Cir. 1992), *cert. denied,* 510 U.S. 830 (1993). *See also Figueroa v. Chapman,* 347 Fed. Appx. 48, 2009 WL 2998697, at *1 (5th Cir. Sept. 21, 2009) (providing "A compassionate release request is not a matter of illegal or unconstitutional restraint.").

Petitioner's claims of inadequate or inappropriate medical care pertain to the conditions of her confinement, not the constitutionality of her custody. Such claims are properly brought in a civil rights action. *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).

## IV. CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 28th day of January, 2016.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**